IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN BEAIRD, #14355-179, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-1332-N |
| | ) | |
| DAN JOSLIN, Warden, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This action, purporting to be a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, is brought by a prisoner currently confined at FCI Seagoville pursuant to a term of imprisonment imposed by the United States District Court for the Southern District of Texas in No. 4:02cr633-1. The Fifth Circuit recently affirmed his conviction. See United States v. Beaird, 2005 WL 1767939 (5th Cir. Jul. 27, 2005) (unpublished per curiam).

Findings and Conclusions: Although Beaird expressly states that he is not attacking his sentence or the manner in which it was imposed under 28 U.S.C. § 2255 (see Petition (Pet.) at 2), he proceeds to allege that the convicting court improperly imposed a requirement that he pay restitution in the judgment that was entered, that the convicting court used an inapplicable version of the United States Sentencing Guidelines in determining his offense level, and that the

convicting court sentenced him in violation of the Supreme Court's holding in United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005). (Pet. 3-4). Thus, notwithstanding his statement that he is not attacking his sentence under § 2255, it is clear that in his petition he is doing exactly that.

The custodial court has the jurisdiction to determine whether a petitioner's claim are properly brought under § 2241. See Padilla v. United States, ___ F.3d ___, 2005 WL 1595291, *2 (5th Cir. Jul. 8, 2005) (determining that only the custodial court had jurisdiction to determine whether petitioner could properly raise a claim under savings clause of § 2255).[1]

"Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); see also Padilla, ___ F.3d ___, 2005 WL 1595291, *1; Cox v. Warden, Fed. Detention Center, 911 F.2d 1111, 1113 (5th Cir. 1990). Relief under this section is warranted for errors that occurred at trial or sentencing. Cox, 911 F.2d at 1113. A section 2255 motion must be filed in the sentencing court. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

By contrast a § 2241 petition permits challenges to the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated. Id. at 451; see also Padilla, 2005 WL 1595291, at *1. Habeas relief under § 2241 may be appropriate when the remedy provided under § 2255 is "inadequate or ineffective." – i.e., the so-called "savings clause." Jeffers, 253 F.3d at 830. "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming

---

[1] Since Petitioner's conviction was on direct appeal at the time he filed this action, he is not at risk of having a properly filed § 2255 motion being subject to the one-year limitation period. Moreover, since he has not filed a prior § 2255 motion, there is no need to address a claim under § 2255's savings clause.

forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." Id.

Because Petitioner was not sentenced in this district, this court lacks jurisdiction to consider the issues raised in his petition. Accordingly, the petition for writ of habeas corpus should be dismissed for want of jurisdiction.

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner.

Signed this 10th day of August, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.